GILBERT MIDDLETON et al., Respondents, v. J. M. A. CONSTRUCTION CO., INC., Defendant, and DARTMOUTH PLAN et al., Appellants.— In an action to recover damages for breach of contract and fraud, defendants the Dartmouth Plan and Bank of Suffolk appeal from an order of the Supreme

Court, Queens County, dated May 10, 1974, which denied their motion to dismiss the complaint as to them for failure to state a cause of action. Order reversed, on the law, with $20 costs and disbursements, and complaint dismissed as to appellants. Plaintiffs entered into a written contract with defendant J. M. A. Construction Co., Inc., whereby J. M. A. was to perform certain labor and services and supply certain materials for work to be performed on plaintiffs' home, for which plaintiffs were to pay J. M. A. $14,000. As the result of a fire loss, plaintiffs had received $10,000 in settlement of an insurance claim. J. M. A. advised plaintiffs that it would obtain financing for them for the remaining $4,000. Plaintiffs' first cause of action, against J. M. A., alleges that the work was not performed in accordance with the contract, although J. M. A. received payment. The causes of action against appellants arose out of the financing arrangement. J. M. A. obtained the financing for plaintiffs from appellants; the $4,000 was to be paid by appellants to J. M. A. upon appellants' receipt of a duly executed completion certificate signed by plaintiffs. It is alleged in the complaint, however, that, unknown to plaintiffs, appellants agreed that J. M. A. would be paid even if plaintiffs did not sign a completion certificate. According to plaintiffs, the false representations concerning the financing arrangement induced them to enter the contract with J. M. A. and were made by J. M. A. and appellants solely for that purpose. Plaintiffs claim they sustained damage in that, as a consequence of the fraud, J. M. A. did not do the work as promised, but received $4,000 from appellants, thus compelling plaintiffs to sue J. M. A. for breach of contract, entailing an obligation for counsel fees not recoverable in the contract action. In fact, plaintiffs have sustained no damage. Appellants have not sought to collect on the promissory notes which evidence plaintiffs' indebtedness. In the event that appellants take such action, plaintiffs can interpose any defenses they may have at law. Accordingly, the complaint should be dismissed as against appellants. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.